UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEBORAH LENNON,

                        Plaintiff,

          -against-

SUFFOLK TRANSPORTATION SERVICE, INC.,
AND THE SAYVILLE SCHOOL DISTRICT,

                        Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 26 2015 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 14-4999

(Wexler, J.)

APPEARANCES:

    THE LAW OFFICE OF STEVEN A. MORELLI, P.C.
    BY:   Anabia Hasan, Esq.
    Attorneys for Plaintiff
    1461 Franklin Avenue
    Garden City, New York 11530

    DEVITT SPELLMAN BARRETT, LLP
    BY:   Joshua S. Shteierman, Esq.
            Andrew P. Wenzel, Esq.
    Attorneys for Defendant The Sayville School District
    50 Route 111
    Smithtown, New York 11787

WEXLER, District Judge:

    Before the Court is the motion to dismiss Plaintiff's Complaint by Defendant The Sayville School District (the "District"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted and the

---

[1] Defendant Suffolk Transportation Service, Inc. answered Plaintiff's Complaint on October 7, 2014.

-1-

District is dismissed from this action, with prejudice.

## BACKGROUND

Plaintiff, Deborah Lennon, is a licensed School Bus Driver with over fourteen years of experience within the various school districts in the Long Island area. (Compl. ¶ 12.) In or around 1999, Plaintiff began her employment with Defendant Suffolk Transportation Service, Inc. ("Suffolk Transportation") as a Driver. (Compl. ¶ 13.) As a Driver, Plaintiff was entrusted with the care and safety of student passengers from pick-up to drop-off, with passenger safety being the highest priority. (Compl. ¶ 13.)

Each year, Suffolk Transportation Drivers participate in a seniority-based bidding system, known as the "pick," wherein Drivers place their bids on desired routes within various school districts for the upcoming school year. (Compl. ¶ 16.) For the 2013-2014 school year, Plaintiff picked a route in the Sayville School District, which she had serviced for nearly a decade, transporting students attending Sayville High School and Lincoln Avenue Elementary School. (Compl. ¶ 17.) During the time that Plaintiff drove within the District, many of her passengers were special needs students. (Compl. ¶ 18.) As such, Margaret Bishop ("Bishop"), an aide employed by Suffolk Transportation, was also assigned to Plaintiff's bus during her routes within the District. (Compl. ¶ 18.)

During the first few weeks of the 2013-2014 school year, Plaintiff began to complain to both the District and Suffolk Transportation about what she perceived to be unsafe policies and practices within the District that posed a serious risk of harm to her student passengers. (Compl. ¶ 21.) For example, at approximately 8:45 a.m. each day, Plaintiff unloaded her student

passengers in the designated drop-off zone, referred to as the kiss-and-go circle. (Compl. ¶ 22.) While unloading her passengers, Plaintiff displayed her bus's red stop sign and flashing lights to signal other drivers to stop. (Compl. ¶ 22.) The District directed Plaintiff to cease using her bus signals during the unloading of passengers because it was blocking the flow of traffic in the kiss-and-go circle. (Compl. ¶ 23.) In addition, the District created a new policy allowing drivers to pass Plaintiff's bus during loading and unloading. (Compl. ¶ 23.) When Plaintiff complained about this practice to Suffolk Transportation Safety Supervisor Maureen "Doe," she was instructed to follow the District's policy. (Compl. ¶ 24.)

On September 24, 2013, a large black pick-up truck passing Plaintiff's bus during drop-off nearly hit one of Plaintiff's student passengers when the student ran in front of the bus. (Compl. ¶ 27.) Plaintiff complained to the bus matron and the aides present about the safety risk of cars being allowed to pass the bus while students were unloading. (Compl. ¶ 28.) Plaintiff believes that the teachers and the aides present reported her complaints to the District administration. (Compl. ¶ 28.)

On September 26, 2013, Plaintiff reported the public safety issues in writing to the Safety Department of Suffolk Transportation. (Compl. ¶ 30.) Safety Supervisor Maureen "Doe" advised Plaintiff that nothing could be done and that the District, not Suffolk Transportation, would be responsible for any student-related incidents that occurred off the bus. (Compl. ¶ 30.)

On October 3, 2013, a teacher at Lincoln Avenue Elementary School approached Plaintiff and inquired about the safety issues Plaintiff had complained of. (Compl. ¶ 31.) The next day, October 4, 2013, Plaintiff and her aide, Bishop, were directed to attend a meeting at Suffolk Transportation's headquarters by Annie Holt ("Holt"). (Compl. ¶ 32.) During this meeting, Holt

informed Plaintiff that she was being suspended without pay from Suffolk Transportation and disqualified from driving within the District for "talking too much." (Compl. ¶ 32.) Bishop was also terminated at that time. (Compl. ¶ 32.)

Plaintiff was thereafter terminated, effective October 9, 2013. (Compl. ¶ 33.) After filing a grievance, Plaintiff's termination was upheld. (Compl. ¶ 33.) Plaintiff commenced the within action on August 22, 2014 against both Suffolk Transportation and the District, alleging that she was terminated in retaliation for voicing the safety complaints set forth supra, in violation of the First Amendment and Section 740 of the New York Labor Law. The District now moves to dismiss Plaintiff's Complaint.

## DISCUSSION

I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79

(citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. Plaintiff's Claims Against the District

Plaintiff brings two claims against the District, pursuant to 42 U.S.C. § 1983: (1) 1st Amendment retaliation, and (2) municipal liability. Although Plaintiff's Complaint also contains a claim against the District for violation of Section 740 of the New York Labor Law, Plaintiff states in her Memorandum of Law in Opposition to Defendant's Motion to Dismiss that she only seeks to allege this claim against Suffolk Transportation and that she withdraws any such claim as to the District. (Pl. Mem. of Law 2 n.1.)

To state a claim under Section 1983, a plaintiff must allege that "(1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of [her] rights or privileges secured by the Constitution or federal laws." Perry v. Metropolitan Suburban Bus Auth., 390 F. Supp. 2d 251, 262 (E.D.N.Y. 2005). In other words, Section 1983 "addresses only those injuries caused by state actors or those acting under color of state law." Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992). Where a plaintiff seeks to hold a private actor liable under Section 1983, the plaintiff must demonstrate that the private actor "'is a wilful participant in joint activity with the State or it agents.'" Ciambriello v.

-5-

County of Nassau, 292 F.3d 307, 343 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).

It is undisputed here that Plaintiff was not employed by the District, but rather by Suffolk Transportation, a private entity. (Compl. ¶ 9.) As a result, the District cannot be held liable for any adverse employment action suffered by Plaintiff - namely, her termination - unless Plaintiff can demonstrate that the District exercised coercive power over or provided significant encouragement to Suffolk Transportation regarding the decision to terminate Plaintiff. See Perry, 390 F. Supp. 2d at 262.

Plaintiff attempts to hold the District liable based on the fact that the District disqualified Plaintiff from driving any of its bus routes for allegedly "talking too much." (Compl. ¶ 32.) According to Plaintiff, the District's disqualification of Plaintiff was in retaliation for her complaints regarding what she deemed to be unsafe practices within the District, in violation of her First Amendment rights. (Compl. ¶ 34.)

However, Plaintiff's Complaint fails to articulate any plausible claim that the District played any role whatsoever in Plaintiff's termination. In fact, Plaintiff has failed to identify anyone within the District that was even aware of her complaints regarding passenger safety. Rather, Plaintiff alleges in speculative and conclusory fashion that, "upon information and belief," certain unnamed teachers and teacher's aides within the District reported Plaintiff's comments concerning safety concerns to administration within the District. (Compl. ¶ 28.) Plaintiff does not identify anyone within the District that she actually complained to or that anyone within the District even communicated with her employer, Suffolk Transportation, concerning her complaints.

Moreover, Plaintiff alleges that the District disqualified her from driving its bus routes for "talking too much." However, nothing in the Complaint attributes this statement to anyone within the District. Rather, Plaintiff's Complaint states that a representative of Suffolk Transportation, Annie Holt, advised her of the District's disqualification and the purported reason behind it. (Compl. ¶ 32.) There are no factual allegations to support Plaintiff's claim that the District even made such a statement. Nor is there any factual support in the Complaint to link the District's alleged disqualification to Plaintiff's complaints concerning passenger safety. Additionally, even if the District did in fact disqualify Plaintiff for "talking too much," such action does not rise to the level of coercive power by a municipal entity sufficient to find state action here.

Construing the Complaint in the light most favorable to the Plaintiff, the allegations do not demonstrate that the District coerced Suffolk Transportation into terminating Plaintiff. Rather, the Complaint is bereft of any indication that the District was involved in any way in Suffolk Transportation's decision to terminate Plaintiff. The Complaint alleges that an unnamed person within the District advised Suffolk Transportation that it was disqualifying Plaintiff from driving its bus routes for allegedly "talking too much." Taking this allegation as true, it was then Suffolk Transportation's decision to terminate Plaintiff. Suffolk Transportation could have reassigned Plaintiff to another bus route. However, it chose to terminate her instead. There is nothing in the Complaint alleging that the District significantly encouraged or coerced Suffolk Transportation into making that decision.

Accordingly, because Plaintiff cannot satisfy the state action requirement necessary to state a claim under Section 1983, Plaintiff's claims against the District must be dismissed and the

District's motion is granted in its entirety.[2]

III. Plaintiff's Claims Against Suffolk Transportation

As stated supra, Suffolk Transportation has not moved to dismiss, but has instead answered Plaintiff's Complaint. However, after the dismissal of the District, the remaining dispute in this action is between Plaintiff and a private entity concerning the termination of Plaintiff's employment, which, without state action, is not subject to Section 1983.

The Second Circuit has mandated that a district court may only dismiss an action sua sponte for failure to state a claim where "the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard." Salvani v. ADVFN PLC, 50 F. Supp. 3d 459, 469 (S.D.N.Y. 2014) (quoting Wisoff v. City of Schenectady, 568 Fed. Appx. 28, 2014 WL 2219186, at *1 n.2 (2d Cir. 2014)). Accordingly, the Plaintiff is hereby directed to show cause, in writing, within ten (10) days, why this action should not be dismissed as against Suffolk Transportation as well.

IV. Leave to Replead

In her opposition to the within motion, Plaintiff requests leave to file an amended complaint to redress any deficiencies in the Complaint found by the Court. While generally,

---

[2] Even if the Court were to find state action here, Plaintiff's claim for municipal liability would still fail because, as the District points out in its moving papers, the Complaint fails to allege whatsoever any custom or policy of the District that resulted in Plaintiff's termination. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Plaintiff does not even challenge this argument by the District other than to say that, at the pleadings stage, she is not required to establish exactly what the policy is that violated her Constitutional rights, but rather just to plead that a policy exists. (Pl. Mem. of Law 11.) Plaintiff misapprehends the law on municipal liability.

-8-

leave to amend should be freely given, see Fed. R. Civ. P. 15(a), the Court may deny leave to replead where amendment would be futile. See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006). The Court finds that permitting Plaintiff to amend her Complaint against the District would be futile. The crux of this action is Suffolk Transportation's decision to terminate Plaintiff and its basis for doing so. As the District was not Plaintiff's employer, it played no role in that decision. Accordingly, leave to replead is denied and the Complaint is dismissed with prejudice as against the District.

## CONCLUSION

For the foregoing reasons, Defendant Sayville School District's motion to dismiss is granted and Plaintiff's claims against the District are dismissed, with prejudice. The Clerk of the Court is directed to enter judgment accordingly and to terminate Docket Entry 14.

As a result of the District's dismissal from this action, Plaintiff is directed so show cause, in writing, within ten (10) days as to why her claims against Defendant Suffolk Transportation should not be dismissed as well.

**SO ORDERED:**

Dated: Central Islip, New York
August 2٬, 2015

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge