UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEBORAH LENNON,

                            Plaintiff,        MEMORANDUM AND ORDER

      -against-                                  CV 14-4999 (LDW) (ARL)

SUFFOLK TRANSPORTATION SERVICE, INC.,
AND THE SAYVILLE SCHOOL DISTRICT,

                            Defendants.
-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   NOV 06 2015   ★

LONG ISLAND OFFICE

APPEARANCES:

    THE LAW OFFICE OF STEVEN A. MORELLI, P.C.
    BY:   Rhoda Yohai Andors, Esq.
    Attorneys for Plaintiff
    900 Stewart Avenue
    Garden City, New York 11530

    DEVITT SPELLMAN BARRETT, LLP
    BY:   Joshua S. Shteierman, Esq.
    Attorneys for Defendant The Sayville School District
    50 Route 111
    Smithtown, New York 11787

WEXLER, District Judge:

    By Memorandum and Order dated August 26, 2015, the Court granted Defendant Sayville School District's (the "District") motion to dismiss, with prejudice, and directed the Plaintiff to show cause why her claims against Defendant Suffolk Transportation Service, Inc. ("Suffolk Transportation") should not be dismissed as well for lack of federal jurisdiction. On September 8, 2015, Plaintiff filed her response to the Court's Order to Show Cause. The District filed a response to Plaintiff's filing on September 18, 2015. The Court has not received any filing from

-1-

Suffolk Transportation.

Rather than addressing the issue of whether Suffolk Transportation should be dismissed from this action, Plaintiff's application requests reconsideration of the Court's dismissal of the District, as well as leave to amend her Complaint to include additional federal claims. For the following reasons, Plaintiff's requests for reconsideration and to amend her Complaint are denied. In addition, Plaintiff's state law claim is dismissed, without prejudice, thereby terminating this action.

## DISCUSSION[1]

### I. Legal Standard

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Id. at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999).

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

---

[1] Familiarity with the facts of the underlying action is presumed and, as such, they will not be repeated here

-2-

underlying motion.'" Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006).

Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II.  Plaintiff's Application

Here, Plaintiff asserts that both new evidence has come to light since the Court's August 26, 2015 decision and that the Court overlooked controlling Second Circuit case law when

rendering its decision. However, the "new evidence" to which Plaintiff cites is her own testimony from the 50-h examination conducted four months before Plaintiff filed the instant action, which is merely more of the same facts already pleaded in Plaintiff's Complaint. Moreover, the Court fails to see how this evidence could have just "come to light," as Plaintiff suggests, since it was information that was wholly within Plaintiff's control as she is the source of the information.

With respect to Plaintiff's claim that the Court overlooked controlling case law, the cases Plaintiff now seeks to have the Court consider were never put before the Court on the underlying motion to dismiss. As they are not recent cases, but rather decisions that were rendered thirty to forty years ago, Plaintiff clearly could have argued their application in opposition to the District's motion to dismiss. Plaintiff's failure to do her due diligence is irrelevant however, since the cases she proffers are readily distinguishable from the facts of this case. Accordingly, Plaintiff's request for reconsideration is denied.

III.     Plaintiff's Request for Leave to Amend

Plaintiff also seeks leave to amend her Complaint to add new federal causes of action in an attempt to save jurisdiction here. As the Court previously held in its August 26, 2015 Memorandum and Order, no amount of repleading will save Plaintiff's claims against the District. The real issue here is Suffolk Transportation's decision to terminate Plaintiff and its reason for doing so. It is undisputed that the District was not Plaintiff's employer. The power and discretion to terminate Plaintiff lied entirely with Suffolk Transportation. Accordingly, permitting Plaintiff to amend her Complaint with respect to the District would be futile and the

rendering its decision. However, the "new evidence" to which Plaintiff cites is her own testimony from the 50-h examination conducted four months before Plaintiff filed the instant action, which is merely more of the same facts already pleaded in Plaintiff's Complaint. Moreover, the Court fails to see how this evidence could have just "come to light," as Plaintiff suggests, since it was information that was wholly within Plaintiff's control as she is the source of the information.

With respect to Plaintiff's claim that the Court overlooked controlling case law, the cases Plaintiff now seeks to have the Court consider were never put before the Court on the underlying motion to dismiss. As they are not recent cases, but rather decisions that were rendered thirty to forty years ago, Plaintiff clearly could have argued their application in opposition to the District's motion to dismiss. Plaintiff's failure to do her due diligence is irrelevant however, since the cases she proffers are readily distinguishable from the facts of this case. Accordingly, Plaintiff's request for reconsideration is denied.

III.     Plaintiff's Request for Leave to Amend

Plaintiff also seeks leave to amend her Complaint to add new federal causes of action in an attempt to save jurisdiction here. As the Court previously held in its August 26, 2015 Memorandum and Order, no amount of repleading will save Plaintiff's claims against the District. The real issue here is Suffolk Transportation's decision to terminate Plaintiff and its reason for doing so. It is undisputed that the District was not Plaintiff's employer. The power and discretion to terminate Plaintiff lied entirely with Suffolk Transportation. Accordingly, permitting Plaintiff to amend her Complaint with respect to the District would be futile and the

rendering its decision. However, the "new evidence" to which Plaintiff cites is her own testimony from the 50-h examination conducted four months before Plaintiff filed the instant action, which is merely more of the same facts already pleaded in Plaintiff's Complaint. Moreover, the Court fails to see how this evidence could have just "come to light," as Plaintiff suggests, since it was information that was wholly within Plaintiff's control as she is the source of the information.

With respect to Plaintiff's claim that the Court overlooked controlling case law, the cases Plaintiff now seeks to have the Court consider were never put before the Court on the underlying motion to dismiss. As they are not recent cases, but rather decisions that were rendered thirty to forty years ago, Plaintiff clearly could have argued their application in opposition to the District's motion to dismiss. Plaintiff's failure to do her due diligence is irrelevant however, since the cases she proffers are readily distinguishable from the facts of this case. Accordingly, Plaintiff's request for reconsideration is denied.

III.     Plaintiff's Request for Leave to Amend

Plaintiff also seeks leave to amend her Complaint to add new federal causes of action in an attempt to save jurisdiction here. As the Court previously held in its August 26, 2015 Memorandum and Order, no amount of repleading will save Plaintiff's claims against the District. The real issue here is Suffolk Transportation's decision to terminate Plaintiff and its reason for doing so. It is undisputed that the District was not Plaintiff's employer. The power and discretion to terminate Plaintiff lied entirely with Suffolk Transportation. Accordingly, permitting Plaintiff to amend her Complaint with respect to the District would be futile and the

request to do so is denied.

IV. Defendant Suffolk Transporation

Finally, despite being directed to show cause why her claims against Suffolk Transportation should not be dismissed for lack of jurisdiction, Plaintiff devotes one sentence of her response to the Order to Show Cause to this issue. Specifically, Plaintiff states that if the Court denies her requests for reconsideration and to amend, then she requests the Court "dismiss her State claim without prejudice so she can bring her N.Y.L.L. § 704 whistleblower claim in State court." (Pl. Response to Order to Show Cause 2.) That request is granted. Since there is no longer federal jurisdiction in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Accordingly, Plaintiff's state law claim against Suffolk Transportation is dismissed, without prejudice.

CONCLUSION

Based on the foregoing, Plaintiff's requests for reconsideration and to amend her Complaint are denied. In addition, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and that claim is dismissed, without prejudice. The Clerk of the Court is directed to close this action.

**SO ORDERED:**

Dated: Central Islip, New York
       November 6, 2015

                                      s/ Leonard D. Wexler
                                      LEONARD D. WEXLER
                                      United States District Judge